Ovid Pinney, Respondent, vs. Abram M. Fridley, Appellant.

APPEAL FROM THE DISTRICT COURT OF HENNEPIN COUNTY.

The Plaintiff brought an action to recover the possession of real estate.   The complaint alleged that on a certain day the Defendant was the owner in fee of the land.   That he executed a mortgage of the same to the Plaintiff.   The complaint then states each step separately and particularly, of a foreclosure of the mortgage by advertisement, the purchase of the land by the Plaintiff at the sale, and the expiration of the period of redemption without the land being redeemed, and adds, that "under and by virtue of said mortgage and foreclosure thereof, as aforesaid, the Plaintiff is seized in fee simple of the said premises," &c.   *Held*, on demurrer to the complaint, that the failure to allege that the mortgage contained a power of sale was fatal to the sufficiency of the pleading.

Where a pleading sets out all the facts by which a party has attempted to acquire title to land, and they are insufficient, a general allegation of ownership, dependent on such facts, will not supply the defect : although such allegation

would have been a sufficient averment of title in the absence of the particular facts.

Where a pleading sets out each successive step taken in the progress of the foreclosure of a mortgage by advertisement, but fails to state one fact necessary to the validity of the foreclosure, a subsequent allegation that the mortgage was "duly foreclosed," will not supply the defect, although such general allegation of foreclosure would have been sufficient in the absence of the special facts.

Where a general fact or result, such as ownership of land or the foreclosure of a mortgage, is pleaded, and also the special facts by which such result is reached, and the facts do not support the result, the facts will control.

Points and authorities for Appellant.

I. The complaint does not state facts sufficient to constitute a cause of action. It shows no title in Respondent.

1. The complaint discloses no authority nor facts entitling the mortgagee to give notice of foreclosure. The existence of neither of the following requisite facts appears: That the said mortgage contained any power of sale; that the same, or any power of sale was ever recorded; that any default had occurred in any condition of said mortgage, whereby the power of sale, if any, became operative, or that no suit or proceeding had been had or instituted at law to recover the debt secured by said mortgage.

2. It does not appear that any notice that the said mortgage would be foreclosed by a sale of the mortgaged premises was ever given, nor whether said pretended notice specified any of the facts required by statute.

3. It does not appear that the person who made the sale was the Sheriff of Manomin county, but only an Acting Sheriff; nor that any deed has been made. *Comp. Sts., ch.* 75, *secs.* 1 *to* 6 *inclusive, and sec.* 17; 6 *Minn. R.,* 168; 7 *Id.,* 167.

II. Every issuable fact must be plead, that is every fact which Plaintiff must prove, and which Defendant has a right to controvert, in his answer. 3 *Selden,* 478; *Lawrence vs. Wright,* 2 *Duer,* 673.

Points and authorities for Respondent.

I. The allegations of the complaint constitute a good cause of action. 6 *Minn.,* 567; 5 *Id.,* 178; 14 *How.,* 439; 16 *How.,* 308; 23 *Barb,* 234; 10 *Wend.,* 414.

II. The allegation in the complaint, that the mortgage was duly foreclosed by advertisement, implies that the mortgage contained a power of sale, was duly recorded, and all other things necessary to constitute a legal foreclosure of the mortgage in that manner. 28 *Barb.*, 240; 8 *Abbott's Pr. R.*, 7; 15 *How. Pr., R.*, 305; 4 *Abbott's Digest, p.* 504, *secs.* 463–4; 23 *Barb.*, 304; 2 *Abbott's Pr. R.*, 421; 2 *Kern.*, 436; 9 *Barb.*, 459; 16 *Barb.*, 325; 19 *N. Y.*, 207; 2 *Abbott*, 402; 5 *Seld.*, 291; 2 *Kern.*, 554; 22 *Barb.*, 388; 1 *Comst.*, 190; *Id.*, 419; 15 *Barb.*, 371.

III. In a foreclosure of a mortgage by advertisement the printer's and Sheriff's affidavits, when recorded, are a substitute for a deed. And when the premises are bid off by the mortgagee a deed is not necessary, and is irregular. 6 *Minn.*, 175; 4 *Denio*, 41; 1 *Paige*, 48; 10 *Paige*, 562; 20 *Barb.*, 559; 13 *Barb.*, 138; *Crary's N. Y. Pr.*, 75.

F. R. E. & W. B. CORNELL, Counsel for Appellant.

L. M. STEWART, Counsel for Respondent.

*By the Court*—FLANDRAU, J.—The action is for the recovery of the possession of real estate. The complaint is framed under the forcible entry and detainer act, (*Comp. Sts., ch.* 77,) for holding over after sale under a mortgage foreclosure by advertisement. The pleader has undertaken to set out all the chain of facts by which the title was transferred from the Defendant to the Plaintiff, and through which the Plaintiff has become entitled to the possession which he claims in this action. The principal difficulty we encounter in determining upon the sufficiency of this complaint is, whether it contains too much or too little. Had the pleader simply alleged title and right of possession in himself, and a wrongful withholding of the possession from him by the Defendant, his cause of action would have been well stated in ejectment, as we have frequently held, and would have entitled him to a judgment for the recovery of the possession. But he has done

more than this.   He has alleged title in the Defendant on a certain day.   Then a mortgage to the Plaintiff, which is described with considerable particularity as to covenants, &c.   Then the happening of a default in the condition of the mortgage, and a foreclosure of the same by advertisement under the statute, each step of which foreclosure is particularly set out up to the day of sale, when it is alleged, "That on the said 23d day of September, 1861, the said mortgage was duly foreclosed by a sale at public auction," &c. Also, purchase at such sale by the Plaintiff, and a full history of the perfection of his title under the purchase by the execution and recording of the proper papers.   Also, an allegation that the time for redemption has expired.   Then follows this allegation:

"That under and by virtue of said mortgage and foreclosure thereof, as aforesaid, this Plaintiff is seized in fee simple of the said premises, mortgaged as aforesaid, and every part and parcel thereof, and has lawful title thereto, and is entitled to the immediate possession thereof."

This is followed by sufficient allegations of wrongful detention by the Defendant, demand, refusal, &c.

It will be seen that the pleader, in the first place, shows the Defendant to be the owner in fee of the lands.   There was no necessity for this, as he might have at once alleged that the Plaintiff was the owner in fee, but having done it, he imposes upon himself the task of showing the title out of the Defendant and into himself. He alleges a mortgage which, he says, "contained full covenants and warranty," and describes the nature of the condition, &c.   On the principle that a pleading must be taken most strongly against the pleader, are we not bound to presume that if this mortgage contained a power of sale the pleader would have stated it.   The whole of his subsequent allegations of foreclosure by advertisement depended entirely upon the existence of such a power.   He has omitted to allege any power of sale, which being the only foundation upon which he could foreclose by advertisement, all the subsequent allegations of such foreclosure fall to the ground, unless they are saved by some other part of the pleading.   In respect to this, the Plaintiff contends that the allegation above

quoted, "That on the said 23d. day of September, 1861, the said mortgage was duly foreclosed by a sale at public auction," &c., supplies all deficiencies by force of the words "duly foreclosed," which he insists comprehend the whole question, and involve power to foreclose, and regularity in the foreclosure proceedings. Now there are two answers to this position.

*First.*—If the pleader had merely stated the execution of the mortgage, and that it was " duly foreclosed," the allegation would have been sufficient, and involved all that the Plaintiff now claims for it, precisely as a simple allegation that the Plaintiff was the owner in fee of the land, would have answered the same purpose as a long statement of all the facts by which he became such owner; but when the pleader alleges the general result, as he may, and also the particular facts by which it is reached, and the facts do not sustain the result as alleged, the facts will control.

*Second.*—The words " duly foreclosed," as used in the clause of the complaint quoted, have reference only to the final act of sale, as consummating the foreclosure, the previous steps of which had been particularly narrated. "That on the said 23d day of September, 1861, the said mortgage was duly foreclosed by a sale," &c. That is, the last act of the foregoing series took place on that day.

The Plaintiff insists that the complaint alleges sufficient to sustain his action, leaving out all about the mortgage and foreclosure, in that it alleges that the Plaintiff is the owner of the land in fee, and that the Defendant wrongfully detains it, &c. The difficulty in this view is, that the Plaintiff has made his ownership so entirely dependent on the foreclosure proceedings that one must stand or fall with the other. He says, "that under and by virtue of said mortgage and foreclosure thereof, as aforesaid, the said Plaintiff is seized in fee simple," &c. Now if the mortgage did not authorize the foreclosure the Plaintiff has no title, as he has hung one upon the other.

The question is something like the one decided in *Irvine vs. Irvine, 5 Minn. R.,* 61. There the Defendant brought an action to disaffirm a deed made during his infancy. He was, of course,

compelled to allege that he was under age when he made it, and as he could not disaffirm it until he became of age, he was of equal necessity bound to allege that fact.   This latter allegation was omitted, and the complaint was held bad.   He having shown by his pleading that at a certain period he was under a disability, he must also show affirmatively that it had been removed.   I apprehend the same rule would hold good in case of alienage.   If citizenship was necessary to maintain any action, and it should appear in the complaint that the Plaintiff was at a period prior to the commencement of the same an alien, he would certainly have to remove the disability by an averment of naturalization or be nonsuited.   No disabilities are ever presumed, but the contrary, but when alleged they must be overcome by further facts or have their force.

In this case the Defendant is shown at a certain day to be the owner of the *locus in quo;* he will continue so in presumption of law until the contrary is shown.   The facts stated by the Plaintiff fail to take the title out of the Defendant, and consequently the Plaintiff has no right to the possession.

This is a vicious mode of pleading, and very dangerous to the pleader.   It is evidence and not facts that he sets out, but if he tries it, he must abide by the rule applicable to it.   He must plead exactly what he would have to prove to make out his case, and certainly a mortgage without any power to sell would not sustain the Plaintiff's title made under a foreclosure by advertisement.

The order appealed from is reversed.   The Plaintiff may amend his complaint within ten days from notice of this decision.