## ACTION BY ATTORNEY FOR BREACH OF EMPLOYMENT.

Circuit Court of Cuyahoga County.

THE VILLAGE OF LAKEWOOD v. GEORGE N. SHAVER.

Decided, December 21, 1905.

*Attorney and Client—Breach of Contract of Employment—Damages.*

1. Upon the breach of a contract employing an attorney for a term of years, he may bring his suit immediately, and recover in one action his full damages to the end of the term for which he was employed.

2. In assessing the damages for a breach of contract for the services of an attorney covering a period of years, where suit is brought before the expiration of the period of employment, the jury should consider the probability or improbability of the attorney being able to perform his part of the contract, as well as the likelihood that he would be able to earn money at other work, inconsistent with his employment under the contract.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This action was for breach of a contract for personal services entered into between the parties under and by virtue of a resolu-

tion of the council of the village of Lakewood authorizing the employment of G. N. Shaver as legal counsel for the village for two years at a salary of $1,200 per year, payable monthly, "the said Shaver to draw all ordinances, resolutions, contracts and other documents necessary for the management of the legal department of the municipal government of said village, when requested by said council, shall prosecute and defend all civil cases wherein the village of Lakewood is plaintiff or defendant, and shall render opinions on legal questions pertaining to the business of said village when requested to by said council.

The two years began May 4, 1904. On January 3, 1905, some changes having occurred in the personnel of the council, it passed a resolution annulling Shaver's contract, and on February 2, 1905, he brought his suit against the village, claiming the sum of $1,600.

It will be noticed that Shaver was discharged from his employment sixteen months before his contract was to terminate and brought his action some fifteen months before said time.

That he had a right to bring suit immediately upon breach of his contract of employment and recover in one action his full damages to the end of the term for which he was employed, even though the case was tried before the contract period had expired, is settled in Ohio. *James* v. *Allen County,* 44 O. S., 226.

The court in charging the jury, however, as to the measure of damages, and in applying the rule above stated, instructed the jury that the price agreed upon between the parties would measure the damages and that if they found for the plaintiff they should allow him one hundred dollars per month from the day of his discharge to the day of the trial and the same amount of one hundred dollars payable monthly from the day of the trial to the termination of the contract period, less any expenses they might find he would have had to incur for a stenographer, if he had continued in his employment.

We think this rule as laid down by the trial judge, left out some elements which the books give as going to the diminution of the contract price for the time to elapse after the trial, which should not have been omitted; matters indeed uncertain and

difficult to determine, but nevertheless to be submitted to the jury in such cases. For instance, the probabilities as to the plaintiff's living until the termination of the term and remaining capable of performing his part of the contract.

The rule which we think should have been given to the jury is well stated in the case of *Cutler* v. *Gillette*, 163 Mass., 95, where the authorities are collected. The rule there given is the general rule applicable to ordinary employments. However, it sets forth clearly the matters to which we desire to call attention.

On page 97 the opinion in the case referred to reads:

"In estimating his damages the jury has the right to consider the wages which he would have earned under the contract, the probability of whether his life and that of the defendant would continue to the end of the contract period, whether the plaintiff's working ability would continue, and any other uncertainties growing out of the terms of the contract, as well as the likelihood that the plaintiff would be able to earn money in other work during the time. But it is not the law that damages which may be larger or smaller because of such uncertainties are not recoverable. The same kind of difficulty is encountered in the assessment of damages for personal injuries. All the elements which bear upon the matter involved in the prognostication are to be considered by the jury from the evidence in each case they are to form an opinion upon which all ·can agree, and to which, unless it is set aside by the court, the parties must submit."

Now, the charge given by the trial judge in this case failed to submit to the consideration of the jury the probabilities as to the plaintiff's continuing in life or continuing in ability to render the service contracted for. A lawyer's ability to render service depends not alone upon the state of his health, but upon his continuing as a member of the bar, a matter over which the courts have control by suspension or disbarment. We think that with respect to these two elements, the case of a lawyer under contract to render legal services generally, for a specified length of time, but not intended to take all his time, is not to be distinguished from that of any other employe. See *McCannon* v. *Peck*, 9 C. C., 589. With regard to the likelihood that he would be able to earn money in other work during the time, we feel

that upon principle and authority the case of an attorney is to be distinguished.

Two cases decided by the Supreme Court of Minnesota make clear this distinction. The case of *Williams* v. *Anderson*, 9 Minn., 39, was for damages for breach of a year's contract for work and labor, with allegation that plaintiff had been discharged without cause. As to the measure of damages in such cases, the syllabus of the case reads:

"In an action upon a contract for services for a specified time at a specified compensation, where, before the end of the time, the employer discharged the employe, and the latter sues for the entire compensation, the defendant may show in diminution of damages, that after plaintiff was dismissed and during the specified time, he engaged in other business."

. The case of *Horn* v. *Western Land Association*, 22 Minn., 233, involved the breach of a contract identical in character with that of Shaver in this case. Horn had accepted an appointment from the Western Land Association, a Philadelphia corporation, to represent it as its attorney and to attend to its legal business in St. Paul, Minnesota, for $1,000 per year, payable quarterly. He entered upon his employment, rendered valuable services, but was notified before the year was out that his appointment had been made by mistake and without authority and that another had been appointed attorney for the company. Having sued the company he recovered the full $1,000 with interest on the quarterly payments from the time they became due. The Supreme Court affirmed the judgment and the third and fourth paragraphs of the syllabus of the case read:

"In such case a contract is terminated by a breach on the part of the employer, and the employe, continuing ready and able to perform on his part, is presumptively entitled to recover as damages, on account of such breach, the stipulated yearly salary and interest.

"If after such breach, plaintiff obtains other employment and compensation, inconsistent with his engagement under the contract, that is affirmative matter in recoupment which it is incumbent on the defendant to set up and establish."

It will be noticed that both Minnesota actions were brought after the contract period had elapsed, but the latter case furnishing the rule as to the attorney's contract for services, its exceptional characteristic is readily incorporated in the rule as stated in the Massachusetts case cited, so that it be made to read:

"As well as the likelihood that the plaintiff would be able to earn money at other work, inconsistent with his employment under the contract."

It may be said that such likelihood is absolutely impossible of proof. This case, however, is to go back for re-trial and we don't know what effort may be made at the next trial to prove what is now claimed to be impossible of proof. As there may be a new trial, it is the duty of this court finding error in the charge as to the measure of damages at the first trial, to intimate what it considers the true rule to be given in the case.

Whether or not we are right in applying the rule laid down in the Minnesota case to an action brought before the contract term had expired, it is at least useful to call attention to that case, for before this case can be tried again in the court below, the full time for which the plaintiff contracted will have expired.

As to the presumptions and burden of proof where defendant attempts to show diminution of damages by reason of other employment, see *Cortegan* v. *The Mohawk & Hudson River R. R. Co.*, 2 Denio, 609.

Counsel for defendant in error have brought to our attention the text-books on damages and what they have to say regarding the measure of damages where an attorney is dismissed from his employment. General language used in these books seems to warrant the claims of said counsel that in a case like this, the measure of damages would be the full contract compensation, but we have examined all authorities cited by the authors and find that none of them sustain the text to the extent of making it applicable to a case of employment for general legal services for a term of years.

The cases cited do sustain the rule claimed, as to employment for the prosecution or defense of specific litigation.

We are inclined to think the rule here adopted is more applicable to the special features of the contract for breach of which suit was brought by the plaintiff below.

At any rate, as the charge neglected to bring to the attention of the jury the probabilities as to Shaver's serving the term of of employment, a matter mathematically demonstrable, the judgment is reversed.

We have examined other errors complained of, but for the one error alone, to-wit, in the charge as to measure of damages, the judgment is reversed.