## WILLIAM T. SHEARER, Respondent, v. GUARDIAN TRUST COMPANY, Appellant.

### Kansas City Court of Appeals, February 1, 1909.

1. **TRIAL PRACTICE: Non Obstante Veredicto.** A motion *non obstante veredicto* is a remedy for plaintiff and not for the defendant and calls in question the sufficiency of the defendant's pleas.

2. **————: Motion for Judgment: Pleadings: Verdict.** After verdict motion by defendant for judgment on the pleadings will not lie until the verdict is set aside.

3. **————: Motion in Arrest: Verdict: Petition.** A motion in arrest by defendant does call in question the sufficiency of the petition notwithstanding the verdict.

4. **PRINCIPAL AND AGENT: Liability of Former: Sufficiency of Petition: Damages on Covenants.** A petition by an agent averred that at his principal's request he purchased and held title and sold and executed a warranty deed for certain real estate, and being sued on the warranty notified the principal who failed to defend him, and that he made proper defense and incurred certain expenses. *Held*, sufficient, since the agent should be allowed reasonable expenses in the defense which the principal failed to make after proper notice.

5. **————: ————: Limitations: Frauds and Perjuries: Ultra Vires.** *Held*, the petition does not show the running of the Statute of Limitations, and limitations on expense of the agent in his defense should be considered like as on a running account with the last item saving all others; nor does the petition show a case within the statute of frauds nor a contract beyond the power of defendant corporation.

**6. TRIAL AND APPELLATE PRACTICE:** Motion in Arrest: Motion for New Trial. On a motion in arrest the matters of exception at the trial cannot be heard as they can on motion for new trial.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn,* Judge.

AFFIRMED.

*George H. English, Jr.,* and *Edward C. Wright* for appellant.

(1) The contract upon which it is sought to hold the appellant is a verbal agreement, either (a) to answer for the debt, default or miscarriage of another, or (b) a contract concerning an interest in real estate, neither of which can be proved under the statute of frauds. R. S. 1899, secs. 974, 1427, 3418; Osborn v. Emery, 51 Mo. App. 408; Rottman v. Pohlman, 28 Mo. App. 399; Bryan v. Jamison, 7 Mo. 106; Allen v. Richards, 83 Mo. 53. (2) The cause of action, if any ever existed, arose more than five years before this suit was brought and was barred by the Statute of Limitations. R. S. 1899, sec. 4273; Tapley v. Lebeaume, 1 Mo. 550; Adkins v. Tomlinson, 121 Mo. 487.

*W. R. Thurmond* for respondent.

(1) The Statute of Fauds has no application to this case. 1 A. & E. Ency. Law, p. 1117; Green v. Goddard, 9 Met. (Mass.), 212. (2) If the agreement were within the statute of frauds, the contract was completely performed by Shearer and this forecloses the trust company from interposing the statute as a defense. Chenoweth v. Pacific Express Co., 93 Mo. App. 191, and authorities there cited, particularly Bless v. Jenkins, 129 Mo. 657; Marks v. Davis, 72 Mo. App. 562, 563; Winters v. Cherry, 78 Mo. 349; Suggett's Admr. v. Cason, Admr., 26 Mo. 225. (3) The cause of ac-

tion did not arise until the judgment was obtained against Shearer, which was the 13th day of June, 1906; consequently it is not barred by any Statute of Limitations.    White v. Stephens, 13 Mo. App. 241; Blondeau et al. v. Sheridan, 81 Mo. 545; Priest v. Deaver, 22 Mo. App. 276; Wyatt v. Dunn, 93 Mo. 459; State ex rel. v. Tittman, 134 Mo. 162; Hunt v. Lucas, 68 Mo. App. 518. (4)    The defense of *ultra vires* cannot be made, because not pleaded.    Williams v. Verity, 98 Mo. App. 660.    (5)    The defendant is estopped from setting up that its contract is *ultra vires*.    Chenoweth v. Express Co., 93 Mo. App. 197; Williams v. Verity, 98 Mo. App. 660.    (6)    The question of *ultra vires* can only be raised by the State in a direct proceeding.

ELLISON, J.—This action was brought by plaintiff to recover money alleged to have been paid for defendant on a judgment rendered against plaintiff on account of a warranty plaintiff made of lands held, sold and deeded by plaintiff for defendant.    There was a trial and verdict for plaintiff for $826.20.    Defendant, on the third day thereafter, filed a motion for judgment *non obstante veredicto,* which was overruled.

A motion for judgment *non obstante veredicto* is not a motion allowed to the defendant in a cause.    In point of legal practice it is a motion which a plaintiff may make where on account of defendant's answer he, defendant, is not entitled to a judgment in his favor. It is only proper where "upon the defendant's own showing, that in any way of putting it, he can have no merits, and the issue joined thereon be found for him, there, as the awarding of a repleader could not mend the case, the court for the sake of the plaintiff, will at once give judgment *non obstante veredicto.*"    [2 Tidd's Practice, 922; Billows v. Shannon, 2 Hill 86; Bradshaw v. Hedge, 10 Iowa 402; Williams v. Anderson, 9 Minn. 39; Buckingham v. McCracken, 2 Ohio St. 287; Bradley v. Caswell, 65 Vt. 231; Friendly v. Lee, 20 Oregon 202.]

The question was considered by the Supreme Court in Hurt v. Ford, 142 Mo. 283. The motion in that case was filed by the plaintiff, and the discussion of the case (pp. 296-298) shows that, in point of practice, it is always considered to be a motion arising *against* the defendant on account of insufficient pleas on his part.

Defendant suggests that the motion as made by him should nevertheless be considered as a motion for judgment on the pleadings. But that cannot be done, since such a motion could only be made either before a verdict, or after a verdict which has been set aside. That was the condition when the motion was made in Hurt v. Ford. But here the verdict is in full force and therefore there is no room for a judgment on the pleadings. [Hurt v. Ford, supra, 299.]

But defendant did assert a remedy of practice which he may properly invoke. He filed in proper time and form another motion, viz.: a motion in arrest of judgment.

That motion brings us to the question whether the face of the petition shows plaintiff not to have a cause of action. We have no doubt of its stating a good cause. In substance it alleges that plaintiff was agent for defendant and at its request he purchased and held the title to a lot of land in Louisiana, which, at its request, he sold and executed his warranty deed therefor to the purchaser. That afterwards he was sued for breach of the warranty and that he duly notified defendant, who declined to defend him. That he then made defense, and incurred expenses therein, but judgment was rendered against him on the warranty.

The expenses of that litigation were properly allowable to plaintiff so long as they were reasonably incurred in a reasonable and proper defense. And counsel fees are properly allowed in such cases. [State ex rel. v. Tittman, 134 Mo. 162; Hazelett v. Woodruff, 150 Mo. 534.] Those cases are not like the case at bar, yet the principle involved is the same. It ought

to be considered clear that an agent acting in behalf of his principal, at his principal's request, finding himself forced to defend an action brought to hold him to a personal liability on account of the transaction, should be allowed reasonable expenses in the defense which the principal failed to make after proper notice.

The petition does not show that the Statute of Limitations had run upon plaintiff's claim when he brought this action. His claim for reimbursement for money paid out on the judgment did not arise until he paid the judgment; and as it was not rendered until June 13, 1906, as shown by the petition, and this suit was filed within six months thereafter, no statutory period of any kind had elapsed.

As for the question of limitations on the expenses in defending the suit, we should consider such expenses as like a running account, with the last item saving all others.

Neither does the petition show a case to which the Statute of Frauds could apply in either of the respects suggested by defendant.

Nor does the petition show that the arrangement made with plaintiff was *ultra vires*.

Much of defendant's argument and brief is as though it had filed a motion for new trial and was not only entitled to a hearing on alleged errors at the trial; but on the merits as well. This we have shown cannot be allowed. We have no doubt whatever as to our lack of rightful authority to disturb the judgment, and it is accordingly affirmed. All concur.