Guy E. COLLINS and Julia A. Collins, Respondents,

v.

Robert S. DRAKE, Jr., Trustee, and First National Bank of Oswego, Kansas, Appellants.

No. WD 39350.

Missouri Court of Appeals, Western District.

March 1, 1988.

Robert S. Drake, Jr., Warsaw, for appellants.

James T. Buckley, Max E. Mitchell, Sedalia, for respondents.

Before KENNEDY, C.J., NUGENT and BERREY, JJ.

KENNEDY, Chief Judge.

The First National Bank of Oswego, Kansas, appeals from a judgment enjoining it from foreclosing a deed of trust on plaintiff's Benton County real estate, which judgment also canceled the promissory note and deed of trust which the bank was attempting to foreclose.

We state a version of the facts which is supported by evidence and which supports the judgment of the trial court, disregarding contrary evidence and inferences, *see State v. Lee,* 708 S.W.2d 229, 232 (Mo.App. 1986).

The history of the note and deed of trust in question is a tortuous one. They were given by plaintiff 84–year–old Guy Collins on May 2, 1983, as part of the $96,500 purchase price of the real estate in question, a 100–acre tract with a residence. The note for $66,500 was due 30 days later, on June 1, 1983. As June 1 approached, Collins instructed his attorney, John Sanders, to have the money available to pay the note. Sanders had received $600,000 from the sale by Collins of a tract of land to Forbes Corporation, and was acting for Collins under an almost unlimited power of attorney. Unbeknown to Collins, Sanders had in the space of a few months dissipated the funds and he was unable to produce $66,500 from Collins' funds.

On the appointed day of the settlement, Collins and his wife Julia—whom he had married since purchasing the property—met with the Martins, the payees of the note, at Gordon Creasy's real estate office in Warsaw. When Sanders arrived, somewhat tardy, he had a cashier's check for $66,500, drawn on the Union State Bank of Clinton, Missouri, payable to the Martins. The cashier's check showed John Sanders as remitter. Sanders gave the cashier's check to the Martins. He instructed them to sign the note on the back, "showing that you received this cashier's check", indicating to them where they should sign. They did so. He then left the office, with the note and deed of trust, telling Collins he would mail them to him. The evidence discloses that Sanders, on June 3, 1983, pledged the same to the defendant Oswego bank to secure the payment of his own promissory note for the same amount. On the back of the Collins note to the Martins, above the signatures of the Martins, he had written "June 1, 1983—we hereby assign this note and the deed of trust securing this note to John A. Sanders for the sum of $66,500 paid to us this date." These words had been added after the signing by the Martins; the back of the note was blank when they signed, except for a recorder's identifying stamp.

The evidence further shows that the proceeds of the Sanders note to the Oswego bank, for which the Collins note and deed of trust were pledged as security, was remitted to a Sanders' client in Texas, from whose funds Sanders had "borrowed" the $66,500 which he had used to pay off the Collins note to the Martins.

Sanders evidently defaulted in the payment of his note to the Oswego bank, and that led at length to the bank's demand upon Collins to pay the promissory note and to the commencement of foreclosure proceedings. The date of the bank's demand letter to Collins was April 10, 1985,

and the proceedings for sale upon foreclosure of the deed of trust followed.

■ The trial court found, and correctly so, that the Oswego bank was not a holder in due course of the promissory note, because (for one thing) the promissory note was past due on June 3, 1983, when it was transferred from Sanders to the bank upon a pledge. Section 400.3–302, RSMo 1978; *Standard Insulation & Window Co. v. Dorrell*, 309 S.W.2d 701 (Mo.App.1958).

Since the bank was not a holder in due course, it took the note subject to all the defenses to which it would have been subject in Sanders' hands. Section 400.3–306, RSMo 1978; *see Illinois State Bank v. Yates*, 678 S.W.2d 819, 824 (Mo.App.1984).

■ The parties assume that Sanders would have had no claim against Collins on the promissory note, and there is therefore no issue of that which needs treatment in this opinion. The most obvious defense would have been the defense of payment. The trial court could have believed from the testimony that there was no thought in the mind of any of the original parties to the note but that the payment of $66,500 to the Martins on June 1, 1983, was in payment and discharge of the note—and that the Martins in endorsing the note did so only to acknowledge payment. Whether receipt of payment is in payment and discharge of a note (and therefore annihilates the indebtedness) or is consideration for transfer depends upon the intent of the parties. *Goetz v. Selsor*, 628 S.W.2d 404, 406 (Mo.App.1982). *See Chandler v. Howard*, 312 S.W.2d 26, 30 (Mo.1958). Sanders' secret intention to pledge the note and deed of trust to secure his own indebtedness to the Oswego bank, if that intention had already been formed, does not change the effect of the transaction.

The case is remarkably similar on its facts to *Goetz v. Selsor, supra,* where our sister court of the Southern District af-

firmed a trial court's disallowance of the note pledgee's claim against the maker of the note.

The bank actually does not contest either of the foregoing propositions, i.e., that the bank was not a holder in due course and that Sanders would have had no claim against Collins. The bank makes three points in its brief here which its says entitles it to reversal of the trial court's judgment and entitles it to proceed with foreclosure. Two of such points appear for the first time in appellant's brief; neither of them is contained in its answer to plaintiff's petition. Appearing for the first time in appellant's brief is a theory that Sanders in pledging the note was acting under his power of attorney for Collins, his undisclosed principal, and that Collins is therefore bound by Sanders' act in pledging the note. (Appellant does not undertake to cite any authority for this point, which would furnish sufficient reason not to review the point on appeal, Supreme Court Rule 84.-04(d); *Wright v. Martin*, 674 S.W.2d 238, 242 (Mo.App.1984). Also making its maiden appearance in appellant's brief is a theory based upon Restatement of the Law (Second), Agency, Section 202, which is copied into the margin.[1]

■ As noted, neither of these two theories appeared in the bank's answer to plaintiff's petition nor was either of them otherwise presented to or passed upon by the trial court. "It is well settled that a defense not presented to nor passed upon by the trial court may not be presented on appeal. *Nulsen v. National Pigments & Chemical Co.*, 346 Mo. 1246, 145 S.W.2d 410, 413[1] (1940); *State ex rel. Rothrum v. Darby*, 345 Mo. 1002, 137 S.W.2d 532, 543[19] (1940)." *Centerre Bank of Branson v. Campbell*, 744 S.W.2d 490 (Mo.S. D.Ct. of Appeals 1988). Many other cases on this point are collected at Mo. Digest 2d, App. & Err. 173(1) and 839(1).

1. An undisclosed principal who entrusts an agent with possession of, and a limited authority to deal with, a document representing a chattel or a chose in action in such form that the possession thereof is commonly regarded as indicating a general power to dispose of it is subject to the loss of his interests therein by the agent's unauthorized disposition of it if it comes to the hands of a purchaser who takes it, reasonably believing that the agent is the owner. Restatement (Second) Agency Section 202 (1958).

Appellant's other point is that the evidence showed that Collins was negligent "in contributing to the alteration of the promissory note or unauthorized signature on the promissory note and is precluded from asserting lack of authority by John Sanders against the appellant First National Bank of Oswego, payor, who took the promissory note and deed of trust in good faith and in accordance with reasonable commercial standards of the banking business".

This point is based upon Section 400.3–406, RSMo 1978. This was perhaps embraced in the bank's answer, giving the answer the broadest and most liberal construction. The trial court found that Collins was not negligent in entrusting the note to Sanders, who at that time had not shown any sign of lack of trustworthiness to put Collins upon notice. This finding was amply supported by the evidence. We may add that Section 400.3–406 only protects "a holder in due course" or "a drawee or other payor who pays the instrument". The bank has made no attempt in its brief to bring itself within any of those protected categories. Judgment affirmed.

All concur.