# LEBANON LIGHT AND MAGNETIC WATER COMPANY, Appellant, v. CITY OF LEBANON.

## (No. 2.)

### Division Two, June 11, 1901.

**City Ordinance: PAROL EVIDENCE: WATER CONTRACT.** Parol evidence is not admissible for the purpose of showing the existence of a city ordinance. That must be proved by the records or journals of the city or by the ordinance itself. And if a water company has supplied water to the city under a contract which was actually submitted to the people and ratified by them, but there is nothing of record to show that such election was held in pursuance of an ordinance passed by the council, the company can not recover.

Appeal from Laclede Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*Wallace & Nixon* for appellant.

(1) In all equity and good conscience, defendant city of Lebanon by its acts should be estopped from setting up that the contract of rental of hydrants was invalid. The city, after it has asserted and recognized the existence and validity of the contract for a number of years against the party contracting with it, which furnished it with the necessary supplies called for in the contract, should now be estopped from controverting the validity of such contract. Bank v. City of Arkansas, 76 Fed. 272; Brown v. Ingalls Twp., 86 Fed. 261; Union Depot Co.

v. City of St. Louis, 76 Mo. 393. (2) The ratification of ordinance 86, at an election duly called for that purpose, almost unanimously by qualified voters of said city, was not rendered void by failure to enter ordinance calling election on city journal. (3) Under the circumstances, it was competent to prove by parol the existence and loss of the ordinance calling an election. Parry v. Walker, Admr., 57 Mo. 169; Wells v. Pressy, 105 Mo. 178; Monks v. Strange, 25 Mo. App. 17; Handley v. Stutz, 139 U. S. 422; Moss v. Averell, 10 N. Y. 449. (4) Under section 1589, the city of Lebanon had ample authority to authorize the Lebanon Light and Water Company to erect a system of waterworks and contract for water supply and fire protection by erecting the seven hydrants, without such contract being ratified by an election called for that purpose. State ex rel. v. Field, 119 Mo. 365; City of Rockhill v. Merchant, 60 Mo. App. 365; Railroad v. Railroad, 105 Mo. 590; State ex rel. v. Cramer, 96 Mo. 83; County Court v. Griswold, 58 Mo. 175; St. Louis v. Railroad, 89 Mo. 44; Carroll v. Campbell, 108 Mo. 561.

*J. W. Farris* for respondent.

(1) "Upon a vote by ballot of two-thirds of the qualified voters of such city voting at an election held for that purpose, in such manner as may be provided by ordinance, shall have power to erect a system of water, gas or electric light works." R. S. 1889, sec. 1589. "No ordinance shall be passed except by bill, and no bill shall become an ordinance unless on its final passage a majority of the members elect shall vote therefor, and the yeas and nays entered on the journal." R. S. 1889, sec. 1597. "The board of aldermen shall keep a journal of its proceedings, and the yeas and nays of the members on any question shall be entered at the desire

of any two members." R. S. 1889, sec. 1601. (2) The witness Clendenin testified from memory that an ordinance was passed calling election to ratify the water contract, but says he has carefully examined the journal and ordinance record and can find no record of its passage. He also testifies that as mayor he approved the ordinance, and he also testifies that Dr. Billings signed it, as president of the board of aldermen, when the record shows that Dr. Billings, a member of the council, was absent from the meeting of September 1, 1890. The journal was offered in evidence by appellant and the entire proceedings of September 1, 1890, shows no record of an ordinance, passing or failing to pass, with reference to calling an election. The journal, or the book of ordinances, or duly authenticated copies of the same, was the only competent evidence to prove the adoption of said ordinance, and when these failed the appellant could not recover. Parol evidence was incompetent and the judgment of the court was for the right party. R. S. 1889, sec. 4846; State ex rel. v. Mead, 71 Mo. 266; State ex rel. v. Meier, 143 Mo. 439; Town of Pacific v. Seifert, 79 Mo. 210; State ex rel. v. Field, 119 Mo. 593; Hixey v. Charleston, 62 Mo. App. 381; Saleno v. Neosho, 127 Mo. 627; s. c. 136 Mo. 498; Water Co. v. Aurora, 129 Mo. 540.

BURGESS, J.—This is an action by plaintiff as assignee of the Lebanon Light & Water Company to recover of the defendant, a city of the fourth class, the sum of seven hundred and twenty dollars and interest, for the rental of seven hydrants furnished to the defendant city by plaintiff from the fifteenth day of March, 1896, to the first day of January, 1898, at the rate of four hundred and twenty dollars per annum.

The facts are about as follows:

On the first day of September, 1890, the board of alder-

men of defendant city, by an ordinance duly passed numbered 86, granted to the Lebanon Light & Water Company and its assigns, the right to construct, operate and maintain in said city a system of waterworks for a period of twenty years, and to supply said city and its inhabitants with water.

By section ten of said ordinance it is provided that the city of Lebanon would rent of the Light & Water Company, seven fire hydrants for four hundred and twenty dollars yearly rental, to be paid in semiannual installments, on the first day of January and July of each year, deferred payments to bear eight per cent interest from the time they were due until paid.

The Lebanon Light & Water Company accepted the terms of the contract and complied fully with all its terms and conditions. It proceeded to erect and did erect a system of waterworks for the city. It expended large sums of money in mains, hydrants, standpipe, excavation of wells, etc., at an expenditure of some $20,000. It constructed the seven fire hydrants to furnish water to the city for fire purposes, which the city duly accepted and took possession of. The Lebanon Light & Water Company, and the plaintiff as its successor and assignee, continued to furnish the city of Lebanon with water in accordance with its agreement.

While an election was held in pursuance of said ordinance in the defendant city on the sixteenth day of September, 1891, at which said ordinance was submitted for ratification to the qualified voters of said city, and was in fact adopted at said election by a vote of two hundred and sixty four for, to three against, it is claimed by defendant that no ordinance was in fact passed by the city council calling said election.

An ordinance was, in fact, presented to the city council calling an election for the sixteenth of September, 1890, for

Vol 163 mo—17

a vote upon said ordinance numbered 86, was duly adopted and signed by the mayor of the city, but it was never spread on the journal of the city.

The court, a jury being waived, over the objection and exception of plaintiff, declared the law to be as follows:

"1.    The court declares the law to be that the city authorities of the city of Lebanon had no right to contract with plaintiff's assignor for the purpose of furnishing water for said town, without there first being an ordinance passed by the city council of said city authorizing and directing an election to be held to vote upon such contract; and if it does not appear upon the journal or records of said city that the ordinance was passed by the said city council of said city providing for an election for the purpose of voting upon said contract, parol testimony can not be introduced to prove the same, and the election held in said city to vote upon the said contract is absolutely void and did not authorize the making of such contract or the ratification thereof.

"2.    Even though the election to ratify the contract between the city of Lebanon and the plaintiff's assignor for the furnishing of water for the said city was valid, yet if it further appears that the said plaintiff also holds a contract with the said city for the furnishing of lights for said city and that the amount claimed by plaintiff under said contracts for furnishing lights and water for said city for the year 1897 is in excess of the revenue and income of said city for the year 1897; and if, for the year 1897, the authorities of said city have levied a tax to the full amount prescribed by section 2, article 10, of the Constitution, and if it further appears that in the action by the plaintiff against said city for such light, plaintiff has recovered the full amount of the revenues of said city as above set forth for the year 1897, after deducting the necessary current expenses for said city for said year, then they can not re-

cover any additional amount upon the contract sued on, notwithstanding the fact that the water contract may have been made prior to the light contract.

"3. If it appears from the evidence that the said plaintiff sued the city defendant for furnishing lights to said city for the year 1896, and recovered in said suit the full amount of the revenues of the said city for said year, after deducting necessary current expenses for said city for such year, and if it further appears that for the year 1896 the tax levy in said city was to the full extent authorized by section 2, aforesaid, of the Constitution, then plaintiff can not recover anything in its suit for the water furnished for the year 1896."

Judgment was then rendered for defendant, from which plaintiff, after unsuccessful motion for a new trial, appeals.

As no declarations of law were asked by plaintiff the only questions presented by this appeal for consideration are with respect to the declarations of law given by the court of its own motion. By the first of these it was ruled that as it did not appear upon the journal or records of defendant city that the ordinance was passed by the city council of said city providing for an election for the purpose of voting upon said contract, that parol testimony could not be introduced to prove the same, and that the election held in said city to vote upon said contract was absolutely void, and the city authorities without authority to make the contract, or to ratify the same. By section 1601, Revised Statutes 1889, it is provided that "the board of aldermen shall keep a journal of its proceedings, and the yeas and nays of the members on any question shall be entered at the desire of any two members." And under a similar statute it was held in the case of Stewart v. The City of Clinton, 79 Mo. 603, that parol evidence was not admissible for the purpose of showing the existence of a town ordinance. That the.

"acts and ordinances of such corporation are evidenced by the entries in such journal." [Dillon Munic. Corp., sec. 310; 1 Greenleaf Ev. (14 Ed.), sec. 86.]

The city council of a city of the fourth class is to all intents and purposes a legislative body, and when acting within the limits prescribed by its charter, and the Constitution and laws of the State, its acts are as valid and binding as an act of the Legislature of the State, which is also required by the Constitution to keep a journal (secs. 31, 32, art. 4), and it will hardly be contended by any one that parol evidence would be admissible for the purpose of showing the existence of a bill in that body, of which the journal contained no evidence, especially in the absence of the bill itself, as in this case the ordinance.

The other declarations of law are erroneous for the same reasons that similar declarations were condemned in the case of Lebanon Light & Magnetic Water Company v. City of Lebanon, 163 Mo. 247. But as the conclusion reached renders it impossible for plaintiff to recover, we affirm the judgment.

*Sherwood, P. J.,* and *Gantt, J.,* concur.