CITY OF BRUNSWICK, ex rel. GEORGE W. BARK-
WELL, Respondent, v. SARAH O. SCOTT, Ap-
pellant.*

Kansas City Court of Appeals. April 17, 1924. Certiorari denied
August 3, 1925.

1. MUNICIPAL CORPORATIONS: Statute Requiring Board to Keep
Journal of Proceedings Mandatory. Section 8418, Revised Statutes,
1919, providing that board of aldermen shall cause to be kept a
journal of its proceedings is mandatory, the acts and ordinances of
city being evidenced by the entries of such journal.

2. EVIDENCE: Parol Evidence not Admissible to Show Existence of
Ordinance. Parol evidence is not admissible to show the existence
of an ordinance.

3. MUNICIPAL CORPORATIONS: Where Plaintiff Relied upon Un-
recorded Ordinance, There Was no Evidence upon Which to Support
His Claim. In a suit upon a tax bill issued by city to plaintiff pur-
porting to be a lien upon property of defendant, where issue was
whether plaintiff's time for completion of work was extended, if no
record was made of extension ordinance, plaintiff cannot support
his claim.

4. EVIDENCE: To Prove Existence of Lost Record by Secondary Evi-
dence, Proof of Existence and Due Execution of Document Must

First be Shown. To prove the existence of a lost record by second ary evidence there must first be proof of the existence and the due execution of the document.

5. ————: **To Establish Execution of Ordinance by Secondary Evidence Must Prove Existence of Journal Evidencing its Passage and That it Has Been Lost or Destroyed.** To establish execution of an ordinance by secondary evidence, it is necessary to prove, first, the existence of journal evidencing its passage, and, second, that such journal entry had been lost or destroyed.

- 6. **MUNICIPAL CORPORATIONS: Extension of Time for Completion of Work Required to be Made by Ordinance.** Where ordinance for doing work provided that board of aldermen might extend time for completion thereof without stating manner, but contract provided that such extension should be fixed by ordinance, such extension was required to be made by ordinance.

*Corpus Juris-Cyc. References; Municipal Corporations, 28 Cyc., p. 343, n. 75, 78; p. 358, n. 12; p. 1007, n. 57 New; p. 1054, n. 1 New. Records, 34 Cyc., p. 606, n. 71; p. 609, n. 21.

Appeal from the Circuit Court of Chariton County. —*Hon. J. E. Montgomery*, Judge.

REVERSED.

*Russell Holloway* and *Willard P. Cave* for respondent.

*F. C. Sasse* for appellant.

BLAND, J.,—This is a suit upon a tax bill issued by the City of Brunswick to plaintiff Barkwell purporting to be a lien upon the property of defendant. There was a verdict and judgment in favor of plaintiff in the sum of $355.13, and defendant has appealed.

The bill was issued on the 19th day of November, 1915, for the grading and paving of Broadway street in the City of Brunswick. Another suit was brought on another tax bill issued on other property in the same proceeding. There was a judgment in that case in favor

of the relator Barkwell, resulting in an appeal to this court and the transference of the case to the Supreme Court. That court in City of Brunswick ex rel. Barkwell v. Benecke, 289 Mo. 307, declared the tax bill void for the reason that the work was not completed within the time prescribed by the ordinance. In the Benecke case it was stipulated "that there was no extension of time granted to the contractor for completing this work by ordinance of the City of Brunswick." During the pendency of the appeal in that case no action was taken in the case at bar but after its decision plaintiff in this case filed an amended reply alleging that the work on the contract was begun on July 28, 1915, and that on the 22nd day of September, 1915, the city extended the time for the completion of the work for sixty days additional, and within such time the work was completed and accepted by the city.

· The stipulation in the other case is not conclusively binding in this case and an explanation for the making of the stipulation was given in this case. It is in evidence that Barkwell, who in this case testified that he was present when the extension ordinance was passed with all the formalities required, took sick and was not present at the trial of the former case; that the attorneys examined the record of the proceedings of the city council and failing to find that an extension ordinance was granted, entered into the stipulation under the mistaken impression that such ordinance had not been passed.

It is admitted that unless the time for the completion of the work was extended by the board of aldermen on September 22, 1915, the tax bill is void. Without going in detail into the testimony on this subject, it is sufficient to say that there was parol testimony, admitted over defendant's objection, tending to show that an extension ordinance was passed and that it could not be found. But the abstract of the record wholly fails to show that any record was made of the passage of such ordinance. The city clerk testified that he had made search for the

ordinance but had been unable to find it; that he remembered the meeting of the board of aldermen held on September 22, 1915, which Mr. Barkwell attended for the purpose of obtaining an extension of time for the completion of the work; that Barkwell had the application and ordinance prepared; that there was no objection on the part of any one to the extension of time; that the witness kept the minutes of the meeting on a sheet of paper in lead pencil and that he afterwards placed them in his record book; that at that time the board of aldermen was having a great many meetings and it was impossible to copy all the minutes in the record book at the time of the meeting; that the minutes of the meeting had been lost or misplaced and could not be found; that sometime after the meeting, the time not being given, he wrote up the record of the meeting from memory and from information obtained from others. The record that he wrote up shows the presence of the Mayor and the number of aldermen present and absent, the allowance of a warrant to a Mr. Van Cleve and a motion to adjourn the meeting to September 29, 1915. It makes no mention of any extension ordinance. He further testified that he had no recollection as to whether the ordinance was passed.

Neither the city clerk nor any one else testified that there was ever made any minute or record of the passage of any extension ordinance. Section 8418, Revised Statutes 1919, provides that "the board of aldermen (of cities of the fourth class, in which class Brunswick falls) shall cause to be kept a journal of its proceedings, and the ayes and nays shall be entered on any question at the request of any two members." Section 8467, Revised Statutes, 1919, relating to the same subject, provides that "no ordinance shall be passed except by bill, and no bill shall become an ordinance unless on its final passage a majority of the members elected to the board of aldermen shall vote for it, and the ayes and nays be entered on the journal; all bills shall be read three times before their

passage." Unless the first clause of that part of section 8467, just quoted, is complied with, the ordinance is void. [Water Co. v. City of Aurora, 129 Mo. 540, 577, 578; State ex rel. v. Mead, 71 Mo. 266.] The statute requiring the board of aldermen to keep a journal of its proceedings is mandatory, the acts and ordinances of such a city being evidenced by the entries of such journal. [Stewart v. City of Clinton, 79 Mo. 603, 611; Light & Magnetic Water Co. v. City of Lebanon, 163 Mo. 246, 254, 260.] Parol evidence is not admissible to show the existence of an ordinance. [Light & Water Co. v. Lebanon, supra; 2 Dillon on Municipal Corporations (5 Ed.), secs. 554, 579.] It makes no difference if an extension ordinance was passed, it being lost the only method of proving its existence is by a journal entry. If the ordinance in fact was passed and no record was made of the matter, then plaintiff is in the unfortunate condition of every other suitor in court who makes a claim that he cannot support.

It is admitted that in order to prove the existence of a lost record by secondary evidence there must first be proof of the existence and the due execution of the document. [See 2 Jones Commentaries on Evidence, (Horwitz Ed.) sec. 212.] "The first item of proof in a proceeding to restore a record is that there had been such a record in existence and that it had been lost or destroyed." [19 Amer. & Eng. Ency. of Law 2 Ed.), p. 561.]

"Without making any question as to grades of secondary evidence, if no copy of the instrument exists, and parol testimony is offered, it ought to be that of a witness who has seen or read the instrument, or is otherwise enabled to speak with some degree of accuracy as to its contents, and identify it as the one executed by the party to be charged where that is disputed. [Hooper v. Chism, 13 Ark. 496, 502.]" [See, also, Capell v. Fagan, 30 Mont. 507.]

As will be seen from the authorities we have cited, in order to establish the execution of the extension ordinance by secondary evidence it was necessary to prove, first, the existence of a journal entry evidencing the passage of the ordinance as required by law, and, second, that such journal entry had been lost or destroyed. This is especially true in the absence of the ordinance itself. [Light & Water Co. v. Lebanon, supra.] Neither one of these requirements were complied with by plaintiff and the court should have given defendant's instruction in the nature of a demurrer to the evidence. We need not say what proof would have been necessary in the absence of the statute requiring the keeping of a journal. There is nothing in the cases of Parry v. Walser, 57 Mo. 169, Cavanee v. City of Milan, 99 Mo. App. 672, Wells v. Pressy, 105 Mo. 164, cited by plaintiff, inconsistent with our holding therein.

A suggestion is made that the extension was not required to be made by ordinance and the board could have extended the time in any manner it saw fit. We think to the contrary. While it is true the ordinance for the doing of the work provided that the board of aldermen might extend the time for completion of the work without stating by what manner the contract, which was provided for by the ordinance, specifically provides that any such extension "shall be fixed by an ordinance of the city." There is no evidence of any record being made of any extension made by resolution or by any other proceeding.

The judgment is reversed. All concur.