THE STATE ex rel. GEORGE W. BARKWELL v. FRANCIS H. TRIMBLE et al., Judges of Kansas City Court of Appeals.

Division Two, July 14, 1925.

1. **ORDINANCE: Lost: Parol Evidence of Contents.** Section 8418, Revised Statutes 1919, requiring the board of aldermen to keep a journal of its proceedings, is mandatory, and by Section 8467 an ordinance is not an ordinance until the ayes and noes by which it is passed are entered upon the record. The contents of an ordinance alleged to be lost cannot be proved by parol until it is first proved that there was an ordinance, and the contents of the journal relating to the enactment of the ordinance cannot be proved by parol until it is first proved that there was a journal entry.

2. ———: ———: ———: **Public Improvement: Extension of Time.** Relator had a contract with the city to improve a public street, and sues to enforce a special tax bill as a lien on the real estate of a private property owner. The contract required the work to be completed within a designated time, and time was of the essence of the contract, and the work was not completed within such time. The contractor claims the city by ordinance extended the time, and that the work was fully completed within the extended time. The contractor testified that he was present at a meeting of the council and that an ordinance extending the time was passed and signed by the mayor. The city clerk testified that there was a meeting of the council which the contractor attended and that the contractor made application for an extension of time; that he kept minutes of the meeting in lead pencil, and afterwards placed them in a record book; that those minutes had been lost or misplaced, and he wrote up the record from memory; that he had no recollection as to whether or not an ordinance extending the time had been passed, and that he had made search for such an ordinance and was unable to find it. The record as thus written up makes no mention of an ordinance extending the time. *Held*, that the contractor cannot by parol evidence first prove that the extension ordinance was passed and then prove its contents; it makes no difference whether the extension ordinance was passed, since being lost the only method of proving its existence is by a journal entry; cases holding that parol evidence is admissible to prove the contents of a lost instrument or a lost record are inapplicable,

since there is no proof that there was an instrument or record to lose.

Corpus Juris-Cyc. References: **Evidence**, 22 C. J., Section 1297, p. 1014, n. 65; Section 1341, p. 1042, n. 44. **Municipal Corporations**, 28 Cyc. ˙p. ·397, n. 86.

### *Certiorari.*

PRELIMINARY WRIT DISCHARGED.

*Willard P. Cave* and *Russell E. Holloway* for relator.

(1)   The opinion of the Court of Appeals is contrary to the following controlling cases decided by the Supreme Court, in which it is held that where records are lost or destroyed their contents may be proved by parol. Parry v. Walser Admr., 57 Mo. 169; Foulk v. Colburn, 48 Mo. 225; Grayson v. Weddle, 53 Mo. 536; Davis v. Montgomery, 205 Mo. 281; Barnes v. Imthof, 254 Mo. 225. (2)   If a record is lost its contents may be proved like any other document, by secondary evidence, where the case does not from its nature disclose the existence of other and better evidence. Foulk v. Colburn, 48 Mo. 230. The contents of a lost ordinance may be established by parol evidence. Wells v. Pressy, 105 Mo. 177. (3) The board of aldermen did have a record made of its proceedings, but the evidence disclosed that the records of the meeting of September 22, 1915, were lost, as well as the ordinance extending the time for completion of the paving. The evidence further discloses that the roll was called and the five aldermen present voted, yes, with one member absent. The testimony of Barkwell shows the roll was called as above stated, and the mayor thereupon signed the ordinance after its third reading, and final passage. (4)   The case of Lebanon Light & Magnetic Water Company v. City of Lebanon, 163 Mo. 254, is not applicable to this case, for the reason that in

the case at bar the journal entries were kept and made, but were accidentally lost or destroyed; while in the Lebanon case, no such claim was made. Jones on Evidence (2 Pocket Ed.) pp. 212, 262, 263. In an action on special tax bills issued for the construction of public improvements, parol evidence was admissible to show the contents of a lost paper containing a bid for the making of the improvement. Morley v. Weakley, 86 Mo. 451. The loss of a memorandum kept by the secretary of a meeting is sufficient to authorize secondary evidence of its transactions. Morey v. Clapton, 103 Mo. App. 368; Wells v. Pressy, 105 Mo. 164; 1 Greenleaf on Evidence (16 Ed.) para. 509.

*F. C. Sasse* for respondents.

(1) The judgment of the Court of Appeals follows the latest controlling decisions of this court. Lebanon Light & Water Co. v. City of Lebanon, 163 Mo. 254; State ex rel. v. Mead, 71 Mo. 269; Stewart v. City of Clinton, 79 Mo. 611; Dillon, Municipal Corporations, sec. 310; 1 Greenleaf, Ev. (14 Ed.) sec. 86; McQuillan, Municipal Corporations, sec. 124. (2) Sec. 8418, R. S. 1919, providing that "the board of aldermen shall cause to be kept a journal of its proceedings, and the ayes and nays shall be entered on any question at the request of any two members," is mandatory. Stewart v. City of Clinton, 79 Mo. 611; Lebanon Light & Water Co. v. City of Lebanon, 163 Mo. 254; Jackson v. Ry. Co., 157 Mo. 552. (3) Sec. 8467, R. S. 1919, provides that "no ordinance shall be passed except by bill, and no bill shall become an ordinance unless upon its final passage a majority of the members elected to the board of aldermen shall vote for it, and the ayes and nays be entered on the journal." The first clause of this section is mandatory, and unless complied with the ordinance is void. Water Company v. City of Aurora, 129 Mo. 577; State ex rel. v. Mead, 71 Mo. 269. (4) "The abstract of record wholly fails to show that any record was made of the passage of such

ordinance.'' (5) Parol evidence is not admissible to show the existence of an ordinance. Light & Water Co. v. City of Lebanon, 163 Mo. 254; Dillon on Municipal Corporations (5 Ed.) secs. 554, 579. (6) ''Three elements of proof are required in establishing a lost writing or record by secondary evidence, namely, existence or execution, loss and contents. Of course before proof of contents may be made its previous execution and loss must necessarily be made to appear. In logical order the first step in the proof of a lost writing or record, is proof of its execution—that is, that it once had existence as a valid and substantial instrument or record; next, its loss.'' 2 Ency. Evidence, p. 369; 10 Ency. Evidence, p. 10; 2 Jones's Commentaries on Evidence (Horwitz Ed.) sec. 212; Lastor v. Blackwell, 143 Ala. 663; Fisk v. Kissane, 42 Ill. 87; Allen v. Parish, 3 Ohio, 107. (7) The first item of proof to establish a lost record or instrument, is that there had been such a record in existence, and that it had been lost. Dean v. Baskerville, 11 How. (U. S.) 360; Gage v. Schroeder, 73 Ill. 44; 19 Am. & Eng. Ency. Law (2 Ed.) p. 961. (8) Neither the city clerk nor anyone else testified that there was ever any minute or record of the passage of any extension ordinance.

WHITE, J.—*Certiorari* to the Kansas City Court of Appeals. This court is asked to quash the record of that court in reversing the judgment of the Circuit Court of Chariton County in the case of City of Brunswick ex rel. Barkwell v. Scott, in which the circuit court rendered judgment in favor of the plaintiff enforcing the lien of a special tax bill against the property of the defendant Scott.

While that case was pending in the circuit court, this court had under consideration a companion case, Brunswick ex rel. Barkwell v. Beneke, 289 Mo. 307, a suit to enforce a special tax bill for the same improvement and issued at the same time as the tax bill under consideration now. We held there that the tax bill was invalid be-

cause the ordinance and the contract for the improvement, for which it was issued, provided that the work should be completed within a certain time; that it was not completed within that time, and there was a stipulation on file in the case to the effect that no extension of time was asked or given, l. c. 319-320. It was held that time was of the essence of the contract, and the tax bill therefore was void.

Failure to finish the work within the time provided in the contract was set up in the answer in this case. After the decision in the Beneke case the plaintiff in this case filed a reply, alleging that the time was extended by the City of Brunswick for the completion of the work, that the work was completed within the extended time and accepted by the city. The Court of Appeals held that the stipulation in the former case was not present in this case and gave in the opinion a synopsis of the evidence upon that subject. The plaintiff introduced parol evidence over the objection of the defendant for the purpose of showing an extension ordinance was passed. Mr. Barkwell testified that he was present at the meeting and knew that an ordinance extending the time was passed by the council and signed by the mayor. The city clerk testified that he had made search for such ordinance and was unable to find it; that there was a meeting which Mr. Barkwell attended for the purpose of obtaining an extension of the time, and Barkwell made application for the purpose; that the witness kept minutes of the meeting on a sheet of paper in lead pencil, and he afterwards placed them in a record book. That those minutes had been lost or misplaced and he wrote up the record from memory. The record he wrote shows the proceedings of the meeting at which it is claimed the extension was had, but that record makes no mention of an ordinance extending the time. The clerk further testified that he had no recollection as to whether or not such an ordinance was passed. The Court of Appeals then announced the law applicable to the situation, citing Sections 8418 and 8467, Revised Statutes 1919:

"It makes no difference if an extension ordinance was passed; it being lost the only method of proving its existence is by a journal entry. If the ordinance in fact was passed and no record was made of the matter, then plaintiff is in the unfortunate condition of every other suitor in court who makes a claim that he cannot support."

The relator in claiming a conflict between this ruling and the decisions of this court cites certain cases in which it is held that where records are lost or destroyed their contents may be proved by parol. He cites particularly the case of Wells v. Pressy, 105 Mo. 1. c. 177, where this court said that, when an ordinance is lost, a party claiming rights thereunder may show by parol evidence its contents as it passed the city council.

There is nothing in this exposition of the Court of Appeals to conflict with that rule. The Court of Appeals quotes Section 8467, Revised Statutes 1919, which provides:

"No ordinance shall be passed except by bill, and no bill shall become an ordinance unless on its final passage a majority of the members elected to the board of aldermen shall vote for it, *and the ayes and nays be entered on the journal.*"

This court, in the case of Light & Magnetic Water Co. v. City of Lebanon, 163 Mo. 254, held that the only way to prove the existence of an ordinance was by the record on the journal of the city, or by the ordinance itself. Section 8418, Revised Statutes 1919, as the Court of Appeals holds, is mandatory, requiring the board of aldermen to keep a journal of its proceedings. The board of aldermen speaks by its record. By Section 8467, an ordinance is not an ordinance until the ayes and nays by which it is passed are entered upon the journal. A vote is not a vote until so recorded.

The relator in the trial court sought to prove the passage and existence of the ordinance, not by the record which alone could establish the fact, but by parol. He could not prove by parol the contents of an ordinance

until he first proved there was an ordinance. He could not prove the contents of the journal in relation to the matter unless he first proved that there was a journal entry. The Court of Appeals in reciting the evidence upon that point says: "Neither the city clerk nor anyone else testified that there ever was any minute or record of the passage of any extension ordinance."

Since there was no record to prove it there was no evidence of the extension. The authorities cited by the relator to the effect that parol evidence is admissible to prove the contents of a lost instrument or a lost record are inapplicable, because there is no proof that there was an instrument or a record to lose. Accordingly the writ in this case was improvidently issued and is therefore quashed. All concur.