ROBERT L. DAWSON, doing business as R. L. DAWSON PLUMBING & HEATING COMPANY, v. CORA LEE SCOTT, Plaintiff in Error; R. L. McCONNELL ET AL.—49 S. W. (2d) 87.

Division Two, April 8, 1932.

*Luther N. Dempsey* and *Charles A. Stratton* for plaintiff in error.

186

*Strother, Campbell & Strother, Al Lebrecht* and *George K. Brasher* for defendant in error.

WESTHUES, C.—Cora Lee Scott, plaintiff in error, was a defendant in a mechanic's lien suit, filed in the Jackson County Circuit Court, at Kansas City, Missouri. Plaintiff in the mechanic's lien suit asked for a judgment against defendant. Cora Lee Scott, in the sum of one thousand five hundred and forty-eight dollars and five cents ($1,548.05). Cora Lee Scott filed an answer denying plaintiff's claim, and also filed a counterclaim, asking damages in the sum of six thousand dollars ($6,000), against plaintiff, for faulty construction and negligent performance of plaintiff's contract. Other lienholders were made parties defendant, but their claims are not material to the issues here involved.

The trial court entered a judgment against defendant Scott in favor of plaintiff in the sum of one thousand five hundred and forty-eight dollars and five cents ($1,548.05). The court denied the counterclaim *in toto*. Defendant Cora Lee Scott sued out a writ of error in the Kansas City Court of Appeals. That court issued the writ. After the record of the case was filed in the Court of Appeals, an order was made, transferring the case to this court. The basis of the order, by the Court of Appeals, is that the amount involved, exclusive of costs, exceeds the sum of seven thousand five hundred dollars ($7,500.) When the jurisdiction of the Courts of Appeals and the Supreme Court depends upon the pecuniary amount involved,

it must be measured by the amount in dispute, exclusive of costs. In this case, Cora Lee Scott claimed defendant in error owed her six thousand dollars ($6,000) and that she did not owe defendant in error anything. Defendant in error, on the other hand, claimed plaintiff in error owed him one thousand five hundred forty-eight dollars and five cents ($1,548.05) and that he did not owe plaintiff in error anything. The amount in dispute, between the parties, was and is seven thousand five hundred and forty-eight dollars and five cents ($7,548.05). Hence the jurisdiction in this court. [State ex rel. v. Trimble, 326 Mo. 702, 32 S. W. (2d) 760; Kitchen v. City of Clinton, 320 Mo. 569, 8 S. W. (2d) 602.]

█ Plaintiff in error has made a short, concise statement of the points involved. We will adopt it as our own. It reads:

"The points made by plaintiff in error are errors of record; hence, no bill of exceptions was filed, and none of the evidence is brought before this court.

"The plaintiff below filed an ordinary suit to enforce a mechanic's lien for work and labor and materials furnished. Other lien claimants were brought in as defendants. Defendant, Cora Lee Scott, plaintiff in error here, filed answers and cross-petitions for damages done by some of the lien claimants, including plaintiff, while performing their contracts.

"At the November term, 1926, and on December 10, 1926, the Assignment Division of the Jackson County Circuit Court, made an order assigning this cause to Division No. 5 of said court. . . .

"At the same term, and on January 5, 1927, Division No. 5 made an entry of record: 'Now on this day, by agreement of judges, this cause is by the court transferred to Division No. 8.'

"On the same day, the record of Division No. 8 recites that the trial of said cause was begun in said Division No. 8. The record for the following day, January 6, 1927, recites that the trial continues. The record for January 7, 1927, still in the November, 1926, term, recites: 'Now on this day, come the parties and the hearing of the evidence is proceeded with; and the hour of adjournment having arrived, the court orders that this cause be continued until Monday morning at 9:30 o'clock A. M., January 10, 1927, the same being the first day of the January term, 1927, of this court.'

"No entry of record appears on said January 10, 1927, in this case.

"The next entry of record is at the March term, 1927, 24th day thereof, Monday, April 11, 1927, which record recites: 'Now on this 11th day of April, 1927, this cause coming regularly on for hearing'—and the parties appearing in person and by attorneys—'and the cause being proceeded with, and the court, having heard the

testimony and being fully advised in the premises, the court doth find:' etc. Then follows finding of facts and judgment and decree.''

The position of plaintiff in error is stated under points and authorities as follows:

"1.

"The assignment division, having ordered this case sent to Division No. 5 for trial, Division No. 8 was without authority to take jurisdiction thereof; and the order, made by Division No. 5, reciting that the cause was transferred to Division No. 8, by agreement of judges, was void, and conferred no jurisdiction upon Division No. 8 in this case.''

"2.

"Division No. 8 was without authority of law to continue the cause to the first day of the January term, 1927, after trial was begun and before same was concluded, in the November, 1926, term. And the act of Division No. 8, in attempting to hear this cause and to render judgment therein, on the 24th day of the March, 1927, term, was without legal authority and void; even had the case been properly assigned to Division No. 8 in the first place.''

A complete answer to the first contention, made by plaintiff in error, is found in Section 1954, Revised Statutes 1929, which reads:

"Court en banc to classify, arrange and distribute business.— The said court en banc may classify, arrange and distribute the business thereof among the several judges, as the majority of them may deem expedient, and each judge shall attend to the business of the court in conformity with the arrangement thereof made by the majority, and, when not occupied with the business assigned to him, shall, as far as practicable, aid the other judges,· to which end cases may be sent from one judge to another in division, as the individual judges may agree and direct. But said court en banc shall have no power to review any order, decision or proceeding of the court in division. [R. S. 1919, sec. 2452.]''

The case was duly assigned, by the assignment division, to division number five. Division number five had the jurisdiction to try the case. That the case could legally be transferred from division number five to division number eight, under the provisions of the statute, above quoted, seems too plain for argument. The statute was enacted to expedite the business of the court. It plainly says that when a judge is not occupied with the business assigned to him a case may be transferred from another division to a judge not so occupied, as the individual judges may agree and direct. A litigant has no inherent right to have his case tried in any particular division of the Circuit Court of Jackson County. When the issues in a case are made up and the case is ready for trial, it may be sent to any

division the assignment judge may direct. If perchance the judge of that division, receiving the case, is so occupied that he cannot reach the case within a reasonable time, and the judge of another division is idle, the case may, under the provisions of the statute above quoted, be forthwith sent to that division for trial. The precise question, here in controversy, was decided adversely to plaintiff in error, by the Kansas City Court of Appeals, in Cole v. Norton, 251 S. W. 723. [See also State ex rel. v. Johnson, 272 S. W. (Mo.) l. c. 930 (4).]

■ The other contention, made by plaintiff in error, is equally without merit. The case was transferred to division number eight, during the November term. At the same term the court proceeded to hear the case, but did not complete the hearing during the term. It was formerly held that a case could not be partly heard at one term and completed at a subsequent term. [State v. Jeffors, 64 Mo. 376.] The Legislature, however, wisely, we think, has taken care of this situation and enacted Section 1859, Revised Statutes 1929, which provides:

"Trial or proceeding shall not be terminated by expiration of term.—No trial or proceeding in any civil or criminal case shall be terminated by the expiration of the term at which it was commenced, but such trial or proceeding may proceed until it is concluded in all respects as if the term had not expired, or same may be continued to an adjourned or special term, or to the next regular term, as the court may direct. [Laws 1921, p. 254.]"

The trial court made an order continuing the case from the November term to the January term. No order was made at the January term. However, under the provisions of the statute, a case when not completed at one term is automatically carried over to the subsequent term and, by virtue of the statute, such trial is to be concluded in all respects as if the term had not expired. The statute virtually places the cases, wherein a trial has begun, in the same position as cases pending on the docket undisposed of, wherein a trial has not commenced. No formal order of continuance is necessary to carry cases, pending undisposed of, to the following term. [Horn v. The Excelsior Springs Co., 52 Mo. App. 548; Boyer v. City of St. Joseph, 187 S. W. 1185.]

Plaintiff in error, by her failure to preserve, for our review, any matters of error, during the time the case was pending and while the trial was in progress in the circuit court, waived all matters except those that may appear upon the face of the record, rendering the judgment of the circuit court void. We find the proceedings and judgment regular and according to law.

The judgment of the circuit court is, therefore, affirmed. *Cooley* and *Fitzsimmons, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All of the judges concur.