

# In the Missouri Court of Appeals
# Eastern District

DIVISION ONE

| | | |
|---|---|---|
| MICHAEL J. BALLMAN and<br>RANDY L. SANDERS, | ) | No. 101917 |
| | ) | |
| Appellants, | ) | Appeal from the Circuit Court of |
| | ) | St. Charles County |
| vs. | ) | |
| | ) | |
| O'FALLON FIRE PROTECTION<br>DISTRICT, | ) | Hon. Ted House |
| | ) | |
| Respondent. | ) | FILED:  March 31, 2015 |

OPINION

Michael Ballman and Randy Sanders appeal the trial court's summary judgment in favor of the O'Fallon Fire Protection District after Appellants sought enforcement of their employment agreements with the District. The trial court deemed the agreements and subsequent amendments void and unenforceable due to omissions in authorizing the original agreements in accordance with §432.070 governing municipal contracts.  We affirm.

**Background**

In 2004, Appellants and the District entered into employment agreements that, among other terms, provided generous severance pay in the event of termination without cause. Ballman as Fire Chief was to receive a year's salary, and Sanders was to receive approximately six months' salary. The District's board of directors discussed these agreements in several meetings prior to execution, and two of the three directors would later testify that they approved

the agreements and authorized the chairman to execute them. But the minutes of those meetings contain no formal board vote to that effect. Nevertheless, the chairman executed the agreements and the parties considered them binding. In 2011, Appellants and the District entered into amendments modifying the Appellants' duties and compensation under the original 2004 agreements. The amendments specify that, aside from those modifications, "[a]ll other portions of the [2004] Agreement not herein amended shall remain in full force and effect." The District's board approved the key changes by a formal vote recorded in the minutes.

In late 2013, the District notified Appellants that it would not renew their agreements and Appellants would become at-will employees, thereby eliminating their severance packages. Appellants then filed a petition for declaratory judgment to enforce their rights under the agreements. The District responded disclaiming liability in that the agreements (including the 2011 amendments) were void for lack of formal authorization as required by §432.070 RSMo. The trial court heard the parties on cross-motions for summary judgment and found in favor of the District.

Appellants assert that: (1) the 2004 agreements weren't void because (a) they were referenced in board meeting minutes preceding execution and members attested to their approval and (b) the District should be estopped from denying their validity; and alternatively (2) even if the 2004 agreements were void, the 2011 amendments incorporating them by reference were properly authorized and render their terms enforceable.

**Standard of Review**

The right to summary judgment is solely an issue of law that does not require any deference to the trial court. City of St. Louis v. State, 382 S.W.3d 905, 910 (Mo. 2012). An appellate court reviews the grant of summary judgment *de novo*, reviewing the record in the light

most favorable to the party against whom it was entered and according that party the benefit of all reasonable inferences from the record. Id.

### Discussion

Section 432.070 establishes the requirements for the execution of contracts by municipalities. It states:

> No county, city, town, village, school township, school district or other municipal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; and such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and *duly appointed and authorized in writing*.

(emphasis added)

*Validity of the 2004 Agreements*

For their first point, Appellants assert that the 2004 agreements were valid in that they were approved by the District board, and its chairman was authorized to sign them. In support of their assertion, Appellants point to board discussions recorded in meeting minutes and the affidavits and deposition testimony of two of the three directors confirming that they approved and authorized the transactions. Appellants further assert that the District should be estopped from denying the validity of the agreements because the parties considered them binding and performed accordingly for nearly ten years.

While the record leaves no doubt that the District intended to be bound by the agreements, in part for its own benefit (*i.e.*, the retention of key employees), the fatal fact remains that the board neglected to duly appoint and authorize the chairman *in writing* as required by §432.070 and long-standing precedent. The statute specifically mandates "that the authority for such contracts must also be in writing." Moynihan v. City of Manchester, 265 S.W.3d 350, 354 (Mo. App. E.D. 2008). "The records of a municipality must disclose the

3

authorization for the execution of a contract, and such authorizing record must not be vague and uncertain." Id. "It has been considered sufficient but *necessary* under §432.070 that the authority to execute contracts on behalf of a city *be entered of record upon the minutes of the board*." Fulton v. City of Lockwood, 269 S.W.2d 1, 5-6 (Mo. 1954). (emphasis added)  Where "no record was kept authorizing anyone on behalf of the city to enter into the contract," the contract was "void from the beginning."  Id. This is so even where, as here, other evidence establishes actual consensus.  See Moynihan, 265 S.W.3d at 356 (deeming contract void for lack of written board authorization despite evidence of oral approval by individual members).

Moreover, equitable remedies such as estoppel are not available to overcome the requirements of §432.070, even where the municipal entity has received the benefit of the other party's performance.  St. Francois County v. Brookshire, 302 S.W.2d 1 (Mo. 1957) (county attorney not entitled to fees for services performed absent agreement complying with §432.070); St. Charles County v. A Joint Bd. Or Comm'n, 184 S.W.3d 161, 167 (Mo. App. E.D. 2006) (county not liable under joint venture for low-income housing).  In short, the plain language of the statute and voluminous established precedent foreclose Appellants' arguments.  Point I is denied.

*Effect of the 2011 Amendments*

For their second point, Appellants contend that, even if the 2004 agreements were void before 2011, their terms became enforceable when the amendments deeming them "in full force and effect" were duly approved in 2011. In support of this proposition, Appellants cite authority instructing that "matters incorporated into a contract by reference are as much a part of the contract as if they had been set out in the contract *in haec verba*." Dunn Industrial Group, Inc. v. City of Sugar Creek, 112 S.W.3d 421, 435 n. 5 (Mo. 2003).  This general principle of contract

4

law, while unquestionably sound in the context of private parties, cannot resuscitate the 2004 agreements between Appellants and the District here. To be sure, in a contractual dispute between private parties, the court's paramount objective is "to ascertain the intention of the parties and to give effect to that intention." J.E. Hathman, Inc. v. Sigma Alpha Epsilon Club, 491 S.W.2d 261 (Mo. Banc 1973). But a public contract "differs from a controversy between private citizens …." Fulton, 269 S.W.2d at 8. "Public officials discharging duties with respect thereto are not dealing with their own [affairs]." Id. Rather, they "act in regard to public funds in a trust capacity as servants of the public." Id.

> The Constitution and the statutes would be useless if any officer of the state or county or a city or other municipality were allowed to follow them only when they saw fit. If by estoppel such salutary provisions enacted with wise foresight as checks upon extravagance, dishonesty, and incompetence can be utterly abrogated at will by any officer, such provisions then serve no purpose, and the public corporation has no earthly protection against either greed or graft.

Eureka Fire Hose Mfg. Co. v. City of Portageville, 106 S.W.2d 513, 516 (Mo. App. S.D. 1937).

So, to ensure transparency, the public record authorizing the contract "must not be vague and uncertain but must sufficiently identify the subject matter under consideration with reasonable exactitude and specificity." Moynihan, 265 S.W.3d at 354. "The requisite authorization must be specific and definite and must include an outline of the terms of the proposed contract." Id. at 355. Here, the only specific terms covered by the board's formal, recorded vote in 2011 concerned position and salary. There is no mention of severance pay contemporaneous with that authorization. Although severance pay was mentioned in the board's discussions of the underlying agreements in 2003, the meeting minutes lack sufficient specificity under Moynihan, and those agreements were never duly approved in writing, as discussed in point I. As a result, Appellants' severance pay is not sufficiently identified in the public record and duly authorized so as to permit enforcement under §432.070. Point II is denied.

5

**Conclusion**

This court does not ignore that, as illustrated in myriad cases, §432.070 can yield harsh results for litigants such as Appellants who have served the public admirably and contributed to their communities in good faith. But "[t]he protection of the public and the declared public policy requires public officials to comply with mandatory statutory provisions." Fulton, 269 S.W.2d at 8. "Due to the fact that municipalities represent the public, the courts unhesitatingly should enforce compliance with all mandatory provisions of the statutes intended to protect municipalities and their inhabitants." St. Charles County, 184 S.W.3d at 165. Thus, as a matter of law, the court is bound to affirm the judgment of the trial court.[1]

_____
CLIFFORD H. AHRENS, Judge

Lawrence E. Mooney, P. J., concurs
Lisa Van Amburg, J., concurs.

---

[1] The District's motion to dismiss this appeal is denied.